UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY SHIVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTINEZ,<br><br>    Defendant. | No.  2:25-cv-2853 CSK P<br><br>ORDER |

**I. INTRODUCTION**

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1 | defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
2 | Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
3 | quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4 | true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
5 | pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6 | (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. PLAINTIFF'S COMPLAINT

In the caption of the complaint, plaintiff identifies the defendant as Martinez.  (ECF No. 1.)  In the section of the complaint for identifying defendants, plaintiff identifies the defendant as Luiz.  (Id. at 2.)  Plaintiff claims that the alleged deprivations occurred at California State Prison-Sacramento, but states that defendant Luiz is employed at California State Prison-Corcoran.  (Id. at 1-2.)  Plaintiff's complaint contains three claims for relief.  (Id. at 3-5.)  In all three claims, plaintiff alleges that plaintiff was laying prone on the ground when he was shot by a rubber bullet during a fight on the yard.  (Id.)  In all three claims, plaintiff claims that he was not involved in the fight.  (Id.)  In all three claims, plaintiff describes his injury as a red mark on his chest.  (Id.)  In all three claims, plaintiff claims that he was shot by a prison official in the tower.  (Id.)  In claim two, plaintiff claims that the prison official who shot plaintiff was trigger happy.  (Id. at 4.)  In claim one, plaintiff claims that he was shot on February 14, 2025.  (Id. at 3.)  In claim three, plaintiff claims that he was shot on February 15, 2025.  (Id. at 5.)  In all three claims, plaintiff alleges that excessive force was used by an officer.  (Id. at 3-5.)

### IV. DISCUSSION

For the following reasons, plaintiff's complaint is dismissed with leave to amend because plaintiff's complaint does not give defendants fair notice of the grounds of plaintiff's claims as required by Federal Rule of Civil Procedure 8(a)(2).  First, it is not clear if plaintiff is claiming that plaintiff was shot on both February 14, 2025 and February 15, 2025, or on one of these dates.  Accordingly, plaintiff's complaint is dismissed with leave to amend so that plaintiff may clarify if he is claiming that he was shot on one or two different dates.  Second, it is not clear if plaintiff is naming two different defendants.  In the amended complaint, plaintiff shall clarify the names of

all defendants. Plaintiff shall also make clear the name of the defendant or defendants who allegedly shot plaintiff. Third, in the amended complaint, plaintiff shall make clear at which prison the alleged shooting or shootings occurred.

## V. LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 31, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Shiv2853.14/2

5

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TOMMY RAY SHIVERS, | No. 2:25-cv-2853 CSK P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| MARTINEZ, | |
| Defendant. | |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff