UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY SHIVERS, | No. 2:25-cv-2853 CSK P |
| Plaintiff, | |
| v. | ORDER |
| MARTINEZ, | |
| Defendant. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 31, 2025, this Court dismissed plaintiff's complaint with leave to amend. (ECF No. 6.) Pending before the Court is plaintiff's amended complaint. (ECF No. 13.) As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
8  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
9  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding,
10 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.
11 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
12 complaint under this standard, the court must accept as true the allegations of the complaint in
13 question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading
14 in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
15 McKeithen, 395 U.S. 411, 421 (1969).

16 **III. DISCUSSION**

17      In the original complaint, plaintiff claimed that plaintiff was laying prone on the ground
18 when he was shot by a rubber bullet during a yard fight.  (ECF No. 1 at 3-5.)  Plaintiff claimed
19 that he was not involved in the fight.  (Id.)  Plaintiff claimed that the prison official who shot
20 plaintiff was trigger happy.  (Id. at 4.)  Plaintiff also claimed that he was shot on February 14,
21 2025 and February 15, 2025.  (Id. at 3, 5.)  Plaintiff also appeared to name two defendants.  (Id. at
22 1, 2.)  This Court dismissed the original complaint with leave to amend because it was not clear if
23 plaintiff claimed he was shot on one or two different dates, and because it was not clear if
24 plaintiff named one or two defendants.  (ECF No. 6 at 3.)  This Court also ordered plaintiff to
25 clarify in the amended complaint the name of the defendant or defendants who allegedly shot
26 plaintiff and to make clear the prison where the alleged shooting or shootings occurred.  (Id.)

27      The only named defendant in the amended complaint is Officer Martinez.  (ECF No. 13 at
28 3-5.)  The alleged deprivations occurred at California State Prison-Sacramento ("CSP-Sac").  (Id.

at 1.) Plaintiff's amended complaint contains three excessive force claims against defendant Martinez apparently based on the same incident. (Id. at 3-5.) Plaintiff claims that plaintiff was on the courtyard at 10:42 a.m. when a "six on one" broke out. (Id.) Plaintiff claims that defendant Martinez ordered everyone to "prone out" when plaintiff was hit by rubber bullets fired by defendant Martinez. (Id.) Plaintiff suffered red marks on his chest as a result of being hit by the rubber bullets. (Id.)

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7.

Unlike the original complaint, the amended complaint does not claim that plaintiff was not involved in the fight and that plaintiff was laying prone on the ground when plaintiff was allegedly shot by defendant Martinez. Because the amended complaint does not address whether plaintiff was involved in the fight and whether plaintiff was laying prone when he was shot, this Court cannot determine whether the amended complaint states a potentially colorable Eighth Amendment excessive force claim against defendant Martinez. Accordingly, plaintiff's amended complaint is dismissed with leave to file a second amended complaint. In the second amended complaint, plaintiff shall clarify whether plaintiff was involved in the fight that led to the alleged shooting and whether plaintiff was laying prone on the ground when plaintiff was allegedly shot by defendant Martinez.

## IV. LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded and treated as non-existent. See Ramirez, 806 F.3d at 1008.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

///

///

///

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner.

Dated: December 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Shiv2853.ame(2)/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY SHIVERS,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTINEZ,<br><br>    Defendant. | No. 2:25-cv-2853 CSK P<br><br>NOTICE OF AMENDMENT |

  Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐ Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED:

                  _____
                  Plaintiff